**Wesley A. ROLAND and Brenda L. Roland; Richard L. Christian and Lesa S. Christian; James C. Sharp and Thelma L. Sharp; and Walter F. Todd and Sandra Todd, Appellants,**

v.

**GENERAL BRICK SALES, INC., Appellee.**

No. 2–91–024–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 6, 1991.

Conrad & Shuman, Dean Shuman and Rebecca S. Conrad, Dallas, for appellants.

Newman & Henry, P.C., Frank M. Newman, Jr., Fort Worth, for appellee.

Before JOE SPURLOCK, II, FARRIS and MEYERS, JJ.

OPINION

MEYERS, Justice.

The appellants, Roland, Christian, Sharp, and Todd, appeal from a judgment in favor of General Brick Sales, Inc., appellee. The judgment ordered that General Brick have foreclosure of its liens on the properties

currently owned by Roland, Christian, Sharp, and Todd, and that it recover attorney's fees jointly and severally under TEX. PROP.CODE ANN. § 53.156 (Vernon 1984).[1] Appellants are appealing that portion of the judgment awarding attorney's fees.

We affirm.

General Brick, pursuant to a contract, provided bricks to Park Lane Homes to build houses on properties in Tarrant County, Texas. General Brick was never paid for the labor or materials it supplied to Park Lane. At the time of General Brick's contract with Park Lane, Park Lane owned thirteen (13) lots which were the subject of this suit. Subsequently, Park Lane sold four (4) of the lots in question to appellants.

At trial appellants disputed General Brick's right to attorney's fees and costs of collection in addition to the full amount of appellee's liens. The court, in judgment nunc pro tunc, ordered that General Brick have foreclosure of its liens and attorney's fees for collection and trial pursuant to Chapter 53 of the Texas Property Code in the amount of $6,500.00.

■ In their first and second points of error appellants argue General Brick was not entitled to recover a personal money judgment against them for costs of collection, because they were not owners at the time the materials were furnished, and further, they were not in privity of contract with General Brick. Appellants claim that under section 53.156, attorney's fees in a mechanic's lien case can be recovered by the lien claimant only where that claimant had a contractual relationship with the owner. They assert they were not a party to the original contract and therefore are not liable for attorney's fees under Chapter 53 of the Property Code. We disagree.

TEX.PROP.CODE ANN. § 53.156 reads as follows:

Costs of Collection or Defense

(a) If the lien provided under Section 53.021 is not paid before the 181st day after the day the lien is fixed and secured under this chapter, the claimant or owner of the lien is entitled to recover all reasonable costs of collection, including attorney's fees.

*Id.* The code clearly provides for collection costs and attorney's fees for the pursuit of a lien foreclosure. Furthermore it provides collection against those who were not parties to the original contract, but who now own the property. *Gill Sav. Ass'n v. International Supply,* 759 S.W.2d 697, 702 (Tex.App.—Dallas 1988, writ denied). In *Gill,* the court found a supplier's claim for attorney's fees valid against an owner who had not been a party to the original contract. *Id.* at 706. Although the court remanded the issue of attorney's fees back to the trial court it was to determine whether legal assistant's fees should be recoverable under the statute. *Id.*

Additionally, in *McCarty v. Halliburton Co.,* the appellants were investors who did not originally contract with the subcontractors, that had supplied goods and services in connection with the drilling and completion of oil wells. *McCarty v. Halliburton Co.,* 725 S.W.2d 817, 818 (Tex.App.—Eastland 1987, writ ref'd n.r.e.). The court found the subcontractors could enforce their liens under the mineral lien statues in the same manner as a mechanic's lien under Chapter 53 of the Property Code and authorized attorney's fees under section 53.156. *Id.* at 822.

Appellants argue the fifth circuit in *Blanco, Inc. v. Porras,* held a mechanic's lien claimant was not entitled to collect attorney's fees or any other monetary recovery against a bank that had become an owner through foreclosure because the bank did not assume any contractual liabilities of its debtor. *Blanco, Inc. v. Porras,* 897 F.2d 788, 793–94 (5th Cir.1990). However, on petition for rehearing the court modified its earlier opinion to provide that the award of attorney's fees against the bank be allowed to stand. *Id.* at 794. And further, the court stated that the issue of whether attorney's fees were improperly awarded under section 53.156(a) was not presented on appeal. *Id.* In the present

1. Section 53.156 was amended in 1989 with the amendments to be effective September 1, 1989. However, the 1984 statute is controlling in this cause since the original contract in the case at bar was executed prior to September 1, 1989.

case we find the trial court properly awarded General Brick attorney's fees under section 53.156 of the Property Code. Appellants' first and second points of error are overruled.

█ In their third point of error appellants argue that General Brick is required to segregate or apportion its costs of collection, including attorney's fees, among individual appellants. They state that if attorney's fees are awarded against them, then the award should be limited to and based upon the effort of General Brick's attorneys in relation to the debt of Park Lane and the liens which now attach to the real property of appellants. Appellants cite no authority for this argument. In *Gill*, the court held there was no error in the supplier's failure to segregate attorney's fees expended in its claim against the subsequent owner, "since the claims arise out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts." *Gill Sav. Ass'n*, 759 S.W.2d at 705–06. We find the trial court properly rendered judgment for General Brick jointly and severally against appellants. Appellants' third point of error is overruled.

Judgment affirmed.