NATIONAL ENVIRONMENTAL SERVICE COMPANY, INC., Appellant,

v.

HOMEPLACE HOMES, INC. and Johnny Escalante, Appellees.

No. 04-96-00940-CV.

Court of Appeals of Texas, San Antonio.

Jan. 14, 1998.

Zachary B. Aoki, Jenkins & Gilchrist Groce, Locke & Hebdon, P.C., San Antonio, for Appellant.

Kevin R. Schleicher, R.L. Mays, Jr., Law Office of R.L. Mays, Jr., San Antonio, for Appellees.

Before HARDBERGER, C.J., and STONE and GREEN, JJ.

## OPINION

GREEN, Justice.

This dispute arises from a contract to build a parking lot. The trial court rendered judgment in favor of the general contractor, Homeplace Homes, Inc. (Homeplace), and the subcontractor, Johnny Escalante, against the property owner, National Environmental Service Company, Inc. (NESCO). In four points of error, NESCO challenges the damages awarded to Homeplace plus the statutory interest and attorney's fees awarded to Escalante. In one cross point, Homeplace claims it should receive attorney's fees. In three cross points, Escalante contends he should receive additional interest and attorney's fees and further requests foreclosure of his mechanic's lien. We affirm the judgment in favor of Homeplace. We also reverse the interest and attorney's fees awarded to Escalante and render judgment that Escalante take nothing by those claims.

### Background

NESCO contracted with Homeplace, which agreed to design and build a commercial building at a fixed price. In turn, Homeplace hired Fisher Engineering Company (Fisher) to review its foundation plans. At Homeplace's suggestion, NESCO also re-

tained Fisher to design a parking lot for the building.

When the building was finished, NESCO solicited bids for construction of the parking lot. It received bids from several companies; including Homeplace. Although Homeplace was not the low bidder, it promised to complete the project within a short period of time. NESCO accepted Homeplace's bid and signed a change order to its original contract, agreeing to pay Homeplace the fixed sum of $48,000 to build a parking lot according to an attached addendum.

When construction began on the parking lot, NESCO's distribution manager, Marshall Ryan, noticed the concrete forms were not running parallel to the street. Ryan spoke with the subcontractor, Escalante, and discovered he was using the landscaping plan, rather than Fisher's parking lot plan. After Escalante completed the parking lot with Fisher's plan, Homeplace gave NESCO a second change order for $20,000.

NESCO refused to sign the order or pay the additional amount, and Homeplace and Escalante filed mechanic's liens[1] against NESCO's property. Thereafter, NESCO filed suit, seeking a release of lien and declaratory judgment as to the amounts owed each party. Homeplace counterclaimed on the basis of its contract and, alternatively, quantum meruit. Escalante also counterclaimed, seeking foreclosure of its lien. Escalante later moved for partial summary judgment, arguing that Homeplace admitted owing him $12,050.

The trial court granted Escalante partial summary judgment for $12,050, which NESCO paid prior to trial. After a bench trial, the court rendered judgment against NESCO in favor of Homeplace for $10,000 in damages. The court did not award Homeplace statutory interest or attorney's fees. The trial court also rendered judgment against NESCO in favor of Escalante for $4,007.38 in damages, which included a $1,942.50 balance on his lien plus $2,064.88 in interest. The court awarded Escalante $1,500 in attorney's fees from both NESCO

and Homeplace. In this appeal, each party challenges the trial court's judgment.

### Standards of Review

■ The points of error and corresponding cross points, which we discuss together as they relate to each party, are essentially attacks on the legal and factual sufficiency of the evidence and the trial court's conclusions drawn from that evidence. In reviewing the legal sufficiency of the evidence supporting the trial court's findings, we consider only the evidence and inferences that tend to support the findings and disregard all evidence and inferences to the contrary. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). "If there is more than a scintilla of evidence to support the findings, the 'no evidence' challenge cannot be sustained." *Id.*

■ In reviewing the factual sufficiency of the evidence supporting the trial court's findings, we weigh all of the evidence in the record to determine whether the findings are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex.1996). Under this analysis, we are not fact finders, we do not pass upon the credibility of witnesses, and we do not substitute our judgment for that of the trier of fact, even if there is conflicting evidence upon which a different conclusion could be supported. *Martin v. Texas Dental Plans, Inc.,* 948 S.W.2d 799, 802 (Tex.App.—San Antonio 1997, writ denied).

■ Although we may not review the factual sufficiency of the trial court's conclusions of law, we may review the correctness of the conclusions as drawn from the facts. *Mercer v. Bludworth,* 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *see also Spiller v. Spiller,* 901 S.W.2d 553, 556 (Tex.App.—San Antonio 1995, writ denied). In other words, we review conclusions of law de novo as questions of law, and we uphold them if the judgment can be sustained on any legal theory supported by the evidence. *Nelkin v. Panzer,*

---

1. The term "mechanic's lien" is a generic phrase to describe a mechanic's, contractor's, or materialman's lien under chapter 53 of the Property Code. Tex. Prop.Code Ann. § 53.001(5) (Vernon Supp.1998).

833 S.W.2d 267, 268 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.); *see also Valencia v. Garza,* 765 S.W.2d 893, 898 (Tex. App.—San Antonio 1989, no writ).

### Homeplace

#### 1. Liability

■ We first address that portion of NESCO's third point of error regarding its liability to Homeplace.[2] Specifically, NESCO contends the evidence is legally and factually insufficient to support the trial court's findings that NESCO (1) provided the original site plan; (2) hired Fisher to design a larger plan; and (3) substituted the Fisher plan on the day the concrete was poured. NESCO also argues the trial court erred as a matter of law by concluding "NESCO's substitution of site plans constituted a cardinal change in the original contract between Homeplace Homes, Inc. and NESCO." We disagree with NESCO's arguments.[3]

The original contract was modified by a change order that did not specify any quantities or square footage. Although the change order referenced an addendum, the document was not introduced into evidence at trial. Ryan, NESCO's representative, could not remember receiving an exhibit. In contrast, Gary Ballard, Homeplace's representative, said the smaller landscape plan was attached to the charge order.

Given Ballard's testimony, we hold the evidence is legally and factually sufficient to support the trial court's finding that NESCO contracted for the smaller parking lot. Additionally, because Ryan asked Ballard and Escalante to use Fisher's parking lot plan after the change order was signed, we hold the evidence is legally and factually sufficient to support the trial court's conclusion that the contract was substantially changed. Accordingly, we overrule that portion of NESCO's third point of error regarding its liability to Homeplace.

2. We discuss that portion of the third point of error regarding damages in conjunction with NESCO's fourth point of error.

3. We decline to address quantum meruit, which NESCO raised in the body of its argument, be-

#### 2. Damages

■ The remainder of NESCO's third point of error attacks the damages awarded to Homeplace. Specifically, NESCO maintains the evidence is legally and factually insufficient to support the trial court's finding that $3.25 per square foot was a reasonable charge for the extra work. NESCO also contends the trial court erred by concluding Homeplace was damaged in the amount of $10,000. Not only does NESCO dispute the amount it owes to Homeplace, but also, in its fourth point of error, it argues that Homeplace owes it $1,053.50. We disagree with NESCO's contentions.

Ballard testified that Homeplace's damages were $17,464.11. In contrast, Ryan testified that NESCO owed approximately $889. This evidence is both legally and factually sufficient to support the trial court's damage award. Furthermore, we cannot say, as a matter of law, that Homeplace owed NESCO $1,053.50. Accordingly, we overrule that portion of NESCO's third point of error regarding damages and NESCO's fourth point of error.

#### 3. Attorney's Fees

In a single cross point, Homeplace argues the trial court erred by not awarding it attorney's fees. NESCO maintains Homeplace waived its complaint by failing to bring it to the trial court's attention. We agree. *See* TEX.R.APP. P. 33.1(a); *Gulf Ins. Co. v. Vantage Properties., Inc.,* 858 S.W.2d 52, 55 (Tex. App.—Houston [14th Dist.] 1993, writ denied). We therefore overrule Homeplace's cross point.

### Escalante

#### 1. Statutory Interest

NESCO admits owing Escalante $13,-992.50 in damages, of which $12,050.00 was paid pursuant to the summary judgment, leaving a balance of $1,942.50. However, in

cause the trial court's findings and conclusions are limited to breach of contract. *Contra Vortt Exploration Co. v. Chevron U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex.1990) (findings of fact satisfied elements of quantum meruit).

its first point of error, NESCO contends Escalante is not entitled to statutory interest on those damages. Thus, NESCO challenges the trial court's finding that Escalante was owed "$16,057.38 in total."[4] NESCO also argues the trial court erred by concluding (1) there was no good faith dispute about the amount NESCO owed Escalante; (2) Escalante was entitled to 18% statutory interest according to section 28.004 of the Property Code; and (3) NESCO owed Escalante $4,007.38.

In his second cross point, Escalante also contends the trial court erred in awarding $2,064.88 in interest. Instead, Escalante claims interest should be $2,111.82, which includes interest up to the date the trial court signed the judgment rather than interest up to the date of trial. *See* TEX. PROP. CODE ANN. § 28.004(c)(3) (Vernon Supp. 1998). In rebuttal, NESCO maintains Escalante waived error by moving for judgment on the smaller amount. *See Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 321 (Tex.1984).

The trial court's findings of fact track the language of chapter 28 of the Property Code, which requires prompt payment to contractors and subcontractors. *See* TEX. PROP.CODE ANN. § 28.002 (Vernon Supp. 1998); *contra id.* § 28.003 (permitting withholding when amount is disputed in good faith). Payments that are overdue accrue interest according to section 28.004:

(a) An unpaid amount required under this chapter begins to accrue interest on the day after the date on which the payment becomes due.

(b) An unpaid amount bears interest at the rate of 1½ percent each month.

(c) Interest on an unpaid amount stops accruing under this section on the earlier of:

(1) the date of delivery;

(2) the date of mailing, if property is mailed and delivery occurs within three days; or

(3) the date a judgment is entered in an action brought under this chapter.

TEX. PROP.CODE ANN. § 28.004 (Vernon Supp. 1998).

Although section 28.004 does not state who is entitled to receive interest on an unpaid amount, we hold that it is limited to contractors. Chapter 28 expressly requires an owner to pay a contractor. *Id.* § 28.002(a). In turn, the contractor is required to pay the subcontractor the appropriate portion of the owner's payment "including interest, if any." *Id.* § 28.002(b).[5] Read as a whole, chapter 28 does not require an owner to pay a subcontractor the principle sum or any interest. *See Bridgestone/Firestone, Inc. v. Glyn–Jones*, 878 S.W.2d 132, 133 (Tex.1994) (stating rules of statutory construction). Thus, the trial court erred as a matter of law in awarding Escalante any statutory interest. Accordingly, we sustain NESCO's first point of error, and we overrule Escalante's second cross point.

### 2. Attorney's Fees

In its second point of error, NESCO contends the trial court erred in awarding Escalante any attorney's fees because section 28 of the Property Code does not permit such an award. *See* TEX. PROP.CODE ANN. § 28.005(b) (Vernon Supp.1998) (allowing trial court to award costs and reasonable attorney's fees in actions brought under chapter 28). We need not decide the limits of section 28 because Escalante requested attorney's fees on the basis of section 53.156, not section 28. Section 53.156 allows the trial court to award "costs and reasonable attorney's fees as are equitable and just" in any proceeding to foreclose a mechanic's lien. *Id.* § 53.156 (Vernon 1995). Because Escalante sought foreclosure of his mechanic's lien, the trial

---

**4.** NESCO waived its challenge to finding of fact number 14, which states Escalante was owed $13,992.50, because it failed to challenge finding of fact number 22, which states NESCO and Homeplace admitted owing Escalante "$1,942.50 (13,992.50–12.050.00)." We address the remainder of NESCO's arguments although the decretal portion of the judgment does not divide Escalante's award between interest and damages. *See State v. Nash*, 817 S.W.2d 837, 839–40 (Tex.App.—Amarillo 1991, pet. ref'd).

**5.** Escalante abandoned its claim against Homeplace.

court did not err in awarding him attorney's fees under section 53.156. Accordingly, we overrule NESCO's second point of error,[6] and we turn to Escalante's challenge to the amount of attorney's fees.

■ In his first cross point, Escalante claims he should receive $4,152.62 in attorney's fees, rather than $1,500, because he filed a counterclaim when both NESCO and Homeplace agreed to his damages. In rebuttal, NESCO argues Escalante waived this complaint by moving for judgment on the smaller sum. We agree. *See D/FW Commercial Roofing Co. v. Mehra,* 854 S.W.2d 182, 190 (Tex.App.—Dallas 1993, no writ) (holding plaintiff waived complaint for additional attorney's fees by moving to enter judgment on smaller amount). Assuming error was not waived, however, we cannot say $1,500 is inequitable or unjust. *Cf. TDIndus., Inc. v. NCNB Texas Nat'l Bank,* 837 S.W.2d 270, 273 (Tex.App.—Eastland 1992, no writ). Accordingly, we overrule Escalante's first cross-point.

### 3. Judicial Foreclosure

In his third cross-point, Escalante asserts the trial court erred in failing to foreclose his mechanic's lien "[e]ven though the issue was not specifically presented to the court on the date of trial." NESCO responds by arguing Escalante waived error. We agree. *See Tribble & Stephens, Co. v. Consolidated Servs., Inc.,* 744 S.W.2d 945, 951 (Tex.App.—San Antonio 1987, writ denied). We therefore overrule Escalante's third cross-point.

### Conclusion

We affirm that portion of the trial court's judgment in favor of Homeplace. We also affirm that portion of the trial court's judgment awarding Escalante $1,942.50 in damages and $1,500 in attorney's fees. We reverse that portion of the judgment awarding Escalante $2,064.88 in statutory interest, and we render judgment that Escalante take nothing from his claim against NESCO for

**6.** Although there was no direct relationship between NESCO and Escalante, NESCO remains liable for Escalante's attorney's fees. *Roland v.*

interest pursuant to section 28.004 of the Property Code.

*General Brick Sales, Inc.,* 818 S.W.2d 896, 897–98 (Tex.App.—Forth Worth 1991, no writ).