

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00066-CV

**APACHE CORPORATION,**

**Appellant**

**v.**

**BETTY ELLINGTON HILL,**
**DAVID SCOTT HILL,**
**THOMAS CRAIG HILL, AND**
**PEGGY ELLINGTON SORENSEN,**

**Appellees**

From the 361st District Court
Brazos County, Texas
Trial Court No. 16-002668-CV-361

## MEMORANDUM OPINION

Appellant Apache Corporation (Apache) appeals the trial court's judgment awarding Appellees Betty Ellington Hill, David Scott Hill, Thomas Craig Hill, and Peggy Ellington Sorenson (collectively the Hills) $207,620.00 in damages for breach of contract and attorneys' fees and costs. We will affirm.

*Issues*

Apache presents the following issues:

1. Whether the trial court erred in rendering judgment for Plaintiffs on their breach of contract claim, when:

   a. the contractual language expressly and unambiguously entitled Apache to release the leases and "thereupon be relieved of all obligations thereafter arising with respect to the interest so released"; and

   b. Apache undisputedly exercised its right to release the leases, which extinguished Plaintiffs' option to extend them.

2. Whether the trial court erred by awarding attorneys' fees and costs, when Plaintiffs had no valid claims that would support any award of attorneys' fees or costs and, in any case, Plaintiffs failed to properly segregate their fees between claims for which fees were and were not recoverable.

In their brief, the Hills assert the following reply issues:

Reply Issue 1. The trial court did not err in rendering judgment for Plaintiffs because the relevant provisions conflict and the leases establish how to resolve such conflicts. Even if the provisions are not in conflict, the trial court's judgment is supported by reconciliation.

Reply Issue 2. The trial court did not err in awarding attorneys' fees to the prevailing parties on claims for which fees are recoverable.

*Background*

The pertinent background facts are undisputed. The Hills entered into identical

"paid up" oil and gas leases with BRW Land Services (BRW) in relation to 207.62 acres of

land in Brazos County.[1]  The leases consist of two parts—the printed form and a typewritten addendum that notes that it is "[a]ttached to and made a part of" each lease.

The leases originally provided for a primary term of two years, ending November 1, 2014.  In May 2014, the Hills entered into amendments to the leases with PetroEdge Energy III LLC (PetroEdge), successor in interest to BRW.  The amendments extended the primary term by eighteen months, such that the primary term for each lease was set to expire on May 1, 2016.  PetroEdge subsequently assigned the leases to Apache.

The leases contain the following provisions relevant to this appeal:

9.      Release of Lease.  Lessee may, at any time and from time to time, deliver to lessor or file of record a written release of this lease as to a full or undivided interest in all or any portion of the area covered by this lease or any depths or zones thereunder, and shall thereupon be relieved of all obligations thereafter arising with respect to the interest so released.  If Lessee releases less than all of the interest or area covered hereby, Lessee's obligation to pay or tender shut-in royalties shall be proportionately reduced in accordance with the net acreage interest retained hereunder.

14.      It is expressly understood and agreed that the following typewritten agreements and provisions shall supersede and govern the provisions in the printed form of this lease whenever such printed form is in conflict herewith and shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, devises, legal representatives, successors and assigns.

29.      Upon expiration of this lease with respect to any portion of the leased premises, Lessee shall, [sic] execute, record in the office of the County Clerk and deliver to Lessor a copy of the written release of this lease describing that part of the leased premises with respect to which this lease has terminated.

41.      At Lessor's sole option, at the end of the primary term, if this lease is not being held in accordance with its terms and provisions, then Lessee

---

[1] A "paid up" lease remains in effect during the specified primary term, with no further payments to the lessor unless and until oil and gas is produced.  *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 874 (Tex. 2018).

shall lease the entire leased premises for an additional one (1) year term for an additional consideration of one thousand dollars ($1,000) per net mineral acre. Lessor may make its election to lease the leased premises to Lessee for an additional year within three (3) months after the end of the primary term by providing written notice of such decision to Lessee.

Exercising its option under Paragraph 9, Apache filed Releases of the Leases on April 28, 2016 in the Brazos County Clerk's real property records. On May 2, 2016, the Hills provided written notification to Apache that they were exercising their option under Paragraph 41 to require Apache to lease the 207.62 acres for an additional one-year period at $1,000.00 per acre. Apache declined to pay the additional amounts.

The Hills then brought suit seeking a declaratory judgment with respect to the parties' rights under the leases and asserting that Apache had breached the leases. Both parties filed motions for summary judgment, arguing that the leases were unambiguous and should be construed as a matter of law. The trial court denied both motions for summary judgment, and the case proceeded to a bench trial. The trial court found that Apache's option to release the leases under Paragraph 9 was in conflict with the Hills' option to extend the leases under Paragraph 41 and that, pursuant to Paragraph 14 of the leases, Paragraph 41 controlled in the event of a conflict.[2] The trial court ruled in the Hills' favor with respect to its claim that Apache had breached the leases by failing to pay the Hills $1,000.00 per acre because the Hills had exercised their option to extend the leases.[3] The trial court specifically concluded that the leases were not ambiguous.

---

[2] Although listed as a finding of fact, the trial court's finding of a conflict is more properly construed as a conclusion of law.

[3] The Hills additionally claimed that Apache breached the leases by failing to construct a drilling pad prior to the end of the primary term and that Apache owed an additional $339.00 per acre, as set out in the 2014

*Discussion*

A.  Standard of Review.  "If a case proceeds to a bench trial and the trial court enters findings of fact and conclusions of law, appellate courts defer to the trial court's findings of fact—so long as they are supported by the record—and review[ ] conclusions of law de novo."  *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 683 (Tex. 2020).  The trial court's findings of fact have the same weight as a jury's verdict.  *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).  The parties do not dispute the trial court's factual findings in this case, but rather the conclusions of law drawn from those facts.

Conclusions of law are upheld if the judgment can be sustained on any legal theory the evidence supports.  *See Stable Energy, L.P. v. Newberry*, 999 S.W.2d 538, 547 (Tex. App.—Austin 1999, pet. denied).  Incorrect conclusions of law do not require reversal if the controlling findings of fact support a correct legal theory.  *Zaragoza v. Jessen*, 511 S.W.3d 816, 821 (Tex. App.—El Paso 2016, no pet.).  We will reverse the judgment of the trial court only if the conclusions are erroneous as a matter of law.  *Anderton v. Green*, 555 S.W.3d 361, 371 (Tex. App.—Dallas 2018, no pet).

B.  Breach of Contract.  In its first issue, Apache asserts that the trial court erred in its interpretation of the leases and in its finding that Apache breached the lease agreements.  As previously noted, the trial court specifically found that the leases are not ambiguous.  Both parties concede that the leases are not ambiguous, and we agree.

---

amendment.  The trial court found that the Hills waived this option, and the Hills have not appealed this issue.

"Mineral leases are contracts and as such are interpreted using the same rules that are applied in interpreting other types of contracts." *TRO-X, L.P. v. Anadarko Petroleum Corp.*, 548 S.W.3d 458, 462 (Tex. 2018).

> "Construing an unambiguous lease is a question of law for the Court. Accordingly, we review lease-construction questions de novo." *Anadarko Petroleum Corp. v. Thompson*, 94 S.W.3d 550, 554 (Tex. 2002) (citing *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991); *El Paso Nat. Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 312 (Tex. 1999)). When construing an unambiguous lease, "our primary duty is to ascertain the parties' intent as expressed within the lease's four corners." *Id.* (citing *Luckel*, 819 S.W.2d at 461; *Yzaguirre v. KCS Res., Inc.*, 53 S.W.3d 368, 372–73 (Tex. 2001)). We give the lease's language its plain meaning unless doing so would clearly defeat the parties' intent. *Id.* (citing *Fox v. Thoreson*, 398 S.W.2d 88, 92 (Tex. 1966)). We examine the entire lease, attempting to harmonize all of its parts, even if different parts appear contradictory or inconsistent, presuming that the parties to the lease intended every clause to have some effect. *Id.* (citing *Luckel*, 819 S.W.2d at 462; *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996)).

*BP Am. Prod. Co. v. Red Deer Res., LLC*, 526 S.W.3d 389, 393–94 (Tex. 2017) (footnote omitted).

When construing an unambiguous contract, the parties' intent prevails over arbitrary rules. *Wenske v. Ealy*, 521 S.W.3d 791, 794 (Tex. 2017). The appellate court disregards "mechanical rules of construction, such as giving priority to certain clauses over others, or requiring the use of so-called 'magic words.'" *Id.* We may not "rewrite the parties' contract or add to or subtract from its language." *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 242 (Tex. 2016).

If the leases are interpreted as alleged by Apache, then Apache effectively released any future liability on its part under the leases and the Hills' subsequent exercise of the option to extend the primary term was ineffective. If the leases are interpreted as alleged

by the Hills, then their exercise of the option in Paragraph 41 extended the term of the lease for one year and overrode Apache's release. The Hills' interpretation can only be warranted if the trial court was correct in determining that Paragraphs 9 and 41 are in conflict. Provisions conflict when they are so inconsistent that they cannot subsist together. *See Allen Drilling Acquisition Co. v. Crimson Expl. Inc.*, 558 S.W.3d 761, 773 (Tex. App.—Waco 2018, pet. denied). "We consider the entire agreement and, to the extent possible, resolve any conflicts by harmonizing the agreement's provisions, rather than by applying arbitrary or mechanical default rules." *Piranha Partners v. Neuhoff*, 596 S.W.3d 740, 743 (Tex. 2020).

A de novo review of the contract terms reveals that Paragraphs 9 and 41 are so inconsistent that they cannot subsist together. Apache's right to release the leases is mutually exclusive of the Hills' right to extend the leases beyond the primary term. Because the two provisions conflict, Paragraph 14 requires that Paragraph 41 supersede the provisions of Paragraph 9.

Additional support for the trial court's conclusion that Apache breached the leases is found in Paragraph 29. When Apache exercised its option under Paragraph 9, it effectively ended the Primary Term of the leases. The Hills' ability to exercise their option to extend the lease another year under Paragraph 41 then became operative. Apache then breached the leases by not paying the $1,000.00 per acre required by Paragraph 41.

Finally, it is undisputed that Apache did not deliver a copy of the releases to the Hills, in violation of Paragraph 29 and in further support of the trial court's finding that Apache breached the leases. Although not raised in the trial court, the appellate court

may uphold the trial court's judgment on any ground supported by the record. *Stable Energy,* 999 S.W.2d at 547. We overrule Apache's first issue and sustain the Hills' first reply issue.

C. Attorneys' Fees. At the bench trial, the parties stipulated, and the trial court found, that reasonable attorneys' fees for the Hills' attorneys were:

a. $70,000.00 for the filing and prosecution through trial of this case;

b. An additional $5,000.00 in the event of an appeal to a Court of Appeals;

c. An additional $2,500.00 in the event a petition for review is filed with the Supreme Court of Texas;

d. An additional $2,500.00 in the event petition for review is granted by the Supreme Court of Texas without oral argument;

e. An additional $5,000.00 in the event petition for review is granted by the Supreme Court with oral argument.

Apache first argues that the Hills' are not entitled to an award of attorneys' fees or costs because they raised no valid claim. As we have determined that Apache breached the lease agreements, the Hills are entitled to an award of attorneys' fees and costs.

Apache next argues that the amount of the attorneys' fees awarded was excessive because the Hills' failed to segregate the fees charged for the two breach of contract claims. The determination of reasonable attorneys' fees is a question for the trier of fact. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 12 (Tex. 1991) (*abrogated on other grounds by Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299 (Tex. 2006)); *see also Astin Redevelopment Grp., L.L.C. v. Citgo Petroleum Corp.*, No. 10-14-00023-CV, 2014 WL 7232573, at *6 (Tex. App.—Waco Dec. 18, 2014, pet. dism'd w.o.j.) (mem. op.). Whether attorneys'

fees can be segregated is a question for the court. *Flagship Hotel, Ltd. v. City of Galveston*, 117 S.W.3d 552, 565 (Tex. App.—Texarkana 2003, pet. denied); *see also Aetna Cas. & Sur. v. Wild*, 944 S.W.2d 37, 41 (Tex. App.—Amarillo 1997, writ denied). As the Hills did not recover on a claim for which attorneys' fees were not recoverable, they are entitled to the entire amount awarded by the trial court. *Flagship Hotel*, 117 S.W.3d at 565 (no need to segregate fees for declaratory judgment action that was inseparably intertwined with breach of contract claims or for multiple theories of breach of contract). We overrule Apache's second issue and sustain the Hills' second reply issue.

### *Conclusion*

As we have overruled Apache's issues, we affirm the judgment of the trial court.

Appellees' Motion for Expedited Submission is denied as moot as the case has been set for submission.

MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Neill, and
    Justice Johnson
Affirmed
Opinion delivered and filed May 28, 2021
[CV06]

