496 S.W.2d 544 (1973)
INTERNATIONAL SECURITY LIFE INSURANCE COMPANY, Petitioner,
v.
Mrs. C. F. FINCK, Respondent.
No. B-3260.
Supreme Court of Texas.
June 20, 1973.
Rehearing Denied July 25, 1973.
*545 Thompson, Coe, Cousins, Irons & Porter, Larry L. Gollaher, Dallas, for petitioner.
Gibbins & Spivey, Bob Gibbins and Broadus A. Spivey, Austin, for respondent.
DENTON, Justice.
The motion for rehearing is granted. The original and dissenting opinions and the judgment of the Court of November 22, 1972 are withdrawn and set aside, and this opinion is substituted as the opinion of the Court.
Suit was brought by C. F. Finck against International Security Life Insurance Company to recover indemnities for medical and hospital expenses under a policy of hospitalization insurance issued by the defendant below, statutory penalty and attorney fees, and for actual and exemplary damages for deceit in connection with the issuance of the policy. The trial court entered judgment for the plaintiff on a jury verdict for actual and exemplary damages and attorney fees. The court of civil appeals reformed the judgment by reducing the recovery of actual damages and affirmed. 475 S.W.2d 363. We reverse and remand.
Mrs. Finck, substituted as plaintiff after Mr. Finck's death on July 7, 1970, alleged the policy in question was issued pursuant to an application presented by David Cochrell, stipulated to be a soliciting agent for International Security Life Insurance Company and acting within the scope of his employment. Mrs. Finck testified the agent represented the policy "covered everything that medicare didn't cover"; and that the company always paid their claims promptly. The Fincks were not familiar with the insurer here, but they wanted a hospitalization policy and would have purchased another policy if they had not bought this one. When the policy was received in the mail by the Fincks, Mr. Finck did not read it, but Mrs. Finck read "a part of it." She noticed "there was a whole lot of difference in there from what he (Cochrell) was representing it." She did not notice the provision in the policy that it could be returned in ten days and the premium would be returned. She testified they intended to keep the policy. Mr. Finck was hospitalized some eleven months later. The claim was denied on the ground the illness had its origin prior to the effective date of the policy.
The petitioner first challenges the award of exemplary damages on dual grounds of the insured's waiver of any representation of the soliciting agent and the absence of any evidence of knowledge, authorization or ratification of the alleged wrongful acts of the agent by the insured. In response to the special issues submitted, the jury found: (2A) The insured's agent represented the policy would pay for everything medicare did not pay; (2B) that such representation was false; (2C) that the insureds relied upon the truth of such representation in purchasing the policy; (2D) that such representations were a material inducement in purchasing the policy; (3A) that, International Security Life, petitioner, had the reputation of refusing to pay legitimate claims; (3B) that such reputation was concealed by petitioner and its *546 agents; (3C) such concealment was material inducement in purchasing the policy.
During the trial the parties stipulated Cochrell was a soliciting agent for the petitioners and was acting in the scope of his employment at all times material to this cause. It is the settled law of this State that a soliciting agent of an insurance company has no power or authority to make a contract on behalf of the company or to waive the terms of the policy. Southland Life Ins. Co. v. Statler, 139 Tex. 496, 163 S.W.2d 623 (1942); Mutual Life Ins. Co. of New York v. Anderson, 408 S.W.2d 335 (Tex.Civ.App.1966, Ref. n.r.e.); Art. 3.70-3(A)(1) Texas Insurance Code, V.A.T.S.
So far as this record reflects the agent had no authority other than to solicit applications for hospitalization insurance and forward same to the home office for acceptance or rejection. Under this record the alleged representations were beyond Cochrell's authority to make. Southland Life Ins. Co. v. Statler, supra. Indianapolis Life Ins. Co. v. Powell, 133 Tex. 547, 127 S.W.2d 172 (1939); National Life Underwriters v. Miller, 274 S.W.2d 169 (Tex.Civ.App.1955, n. w. h.).
The insured claimed exemplary damages on account of the false and fraudulent representations of the policy coverage alleged to have been made by the insured's soliciting agent. It is the rule in Texas that a principal is liable for exemplary or punitive damages because of wrongful acts of his agent only if there is shown some misconduct on the part of the principal in connection with the agent's wrong, such as authorizing the agent's wrongful acts, or subsequent ratification of those acts. Fisher v. Carrousel Motor Hotel, 424 S.W.2d 627 (Tex.1967); Lane v. Security Title & Trust Co., 382 S.W.2d 326 (Tex.Civ.App.1964, n. r. e.); Union Deposit Co. v. Moseley, 75 S.W.2d 190 (Tex. Civ.App.1934, writ dismissed); Mutual Life Ins. Co. v. Hargus, 99 S.W. 580 (Tex.Civ.App.1907). There is no evidence in this record tending to show the insurer authorized or had any knowledge of the agent's alleged false and fraudulent representations. Nor is there any evidence the insurer subsequently ratified these false and fraudulent representation. There is ample evidence the petitioner had a widespread reputation of refusing to pay legitimate claims, but there is no evidence respondent knew of this reputation at the time of making their application for the insurance. In fact, the Fincks had not known of petitioner prior to the visit of petitioner's agent. There is no evidence whatever that the insurer's reputation was concealed from the respondents. This record forms no basis for the assessment of actual or exemplary damages.
Petitioner further contends there was no evidence to support the award of attorney fees in the amount of $2,500. It contends the amount of attorney fees is not proper under the provisions of Art. 3.62 of the Texas Insurance Code, which reads in part as follows:
"In all cases where a loss occurs and the ... health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss.... The Court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of the suit, accrued and to accrue on account of such policy." [Emphasis added].
During the trial the parties stipulated that the insured was entitled to recover $320 under the insurance policy which formed the basis of this suit, plus penalty and interest. The special issue properly limited the jurors' consideration to attorney fees for the collection of the claim under *547 the insurance policy, however, all the evidence submitted to the jury had to do with the attorneys' services in preparing the case pertaining to the alleged fraud and deceit cause of action, and not upon the claim under the insurance policy. We therefore conclude there is no evidence to support the jury finding.
The judgments of the courts below awarding respondents actual and exemplary damages are reversed and rendered. The judgment of the trial court awarding recovery under the insurance policy, plus penalty and interest is affirmed. The judgments awarding attorney fees are reversed. This claim is severed and remanded to the trial court for a hearing to determine the attorney fees which are recoverable for services rendered to collect benefits accrued on account of the insurance policy.