**GULF INSURANCE COMPANY,**
Appellant,

v.

**VANTAGE PROPERTIES, INC.**
**and Vanco Construction,**
**Inc., Appellees.**

No. A14–93–00025–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 8, 1993.

Rehearing Denied July 29, 1993.

Daniel J. Davis, Cynthia Hollingsworth, W. Kelly Stewart, Dallas, for appellant.

G. Wesley, Peter E. Mims, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

This is an appeal from a summary judgment rendered against appellant, Gulf Insurance Company, on a severed cross-claim action for indemnity filed by appellant against appellees, Vantage Properties, Inc. and Vanco Construction, Inc. In three points of error, appellant contends the trial court erred in granting appellees' motion for summary judgment and denying its motion. Gulf also appeals the award of attorney's fees to appellees. We affirm.

In 1977, Vanco and its parent company, Vantage Properties, signed a general agreement of indemnity with Gulf Insurance. The general agreement of indemnity provided in relevant part:

> That it [Vantage Properties] will at all times indemnify and save harmless said company [Gulf Insurance] from and against any and all loss, damages or expenses including court costs and attorney's fees which it shall at any time by reason of its execution and/or delivery of said bond or bonds or its payment of any claim or liability thereunder and will place the said company in funds to meet all its liability under said bond or bonds promptly on request and before it may be required to make any payment thereunder and that the voucher or other evidence of payment by said company of any such loss, damage, expense, claim or liability shall be prima facie evidence of the fact and amount of said indemnitor's liability to said company under this agreement.

In 1982, Appellees, as constructor, entered into a standard owner/contractor agreement with Brad Cunningham and the Consortium Development Company (Consortium), to undertake construction of an office complex in north Houston. On March 18, 1982, Gulf Insurance as surety for Vanco executed a performance bond relating to the owner/contractor agreement. The performance bond stated that Gulf would perform certain obligations re-

garding the construction project for Consortium in the event of default by Vanco.

In October 1982, Consortium notified Gulf that Vanco was in default of its obligations and requested Gulf meet its obligations under the performance bond. In late 1982, Consortium brought suit against several defendants including Vantage, for breach of the owner/contractor agreement (the main action). In early 1984, Consortium amended their petition and added Gulf as an additional defendant alleging (1) breach of the performance bond; (2) negligence; (3) violations of the Texas Deceptive Trade Practices Act; (4) breach of the duty of good faith and fair dealing; and (5) violations of the Texas Insurance Code.

Prior to trial of the main case, Consortium reached a settlement with Vantage. As part of the settlement, both parties agreed that Consortium would only pursue its bad faith claims against Gulf and that the bond and contract claims against Gulf would no longer exist. Soon after Gulf learned of the settlement agreement between Vantage and Consortium, it filed a cross-claim against Vantage for indemnification based on the general agreement of indemnity. Vantage filed an answer and petition for declaratory judgment. The declaratory judgment petition requested a declaration that (1) the general agreement of indemnity between Gulf and Vantage did not apply to any of the causes of action remaining against Gulf in the main action; (2) Gulf was not entitled to recover any attorney's fees or expenses for its defense of the claims against Gulf in the main action; and (3) Vantage was entitled to their attorney's fees and costs. The cross-claim and petition for declaratory relief were severed from the main action and forms the basis of this appeal.

Following a trial on the merits in the main action, the jury found Gulf was negligent in the investigation and handling of Consortium's claim. That judgment was affirmed by this court in an unpublished opinion filed April 29, 1993.[1] Both parties

subsequently filed motions for summary judgment on appellant's cross-claim for indemnity. The district court denied appellant's motion, and granted appellees' motion for summary judgment, holding that Gulf take nothing under its cause of action for indemnity from Vantage. Neither party thereafter filed a motion for summary judgment regarding Vantage's petition for declaratory judgment. A trial on the merits of the remaining issues relating to Vantage's petition resulted in the court expressly concluding that appellees were not liable to appellant pursuant to the terms of the indemnity agreement. The trial court also found appellees were entitled to recover attorney's fees from appellant.

In its first two points of error, appellant contends the trial court erred in granting Vantage's motion for summary judgment and denying its motion. However, appellant does not assign error to the trial court's final judgment insofar as it granted Vantage's petition for declaratory relief. In its final judgment, the trial court ordered that (1) Gulf take nothing from the defendants, and (2) the general agreement of indemnity among Gulf, Vantage and Vanco did not apply to any of the causes of action of Consortium against Gulf. The effect of this judgment was to relieve Vantage of any and all liability to Gulf under the general agreement of indemnity as it concerned the causes of action brought by Consortium against Gulf. Such judgment then became final thirty days after the trial court signed the same. Tex.R.Civ.P. 329b.

The portion of a judgment awarding recovery to one party from which no appeal is taken, is final on appeal and all subsequent litigation. *Kendrick v. Tidewater Oil Company*, 387 S.W.2d 122, 126 (Tex.Civ.App.—Tyler 1965, writ ref'd n.r.e.); *Speckels v. Kneip*, 170 S.W.2d 255 (Tex.Civ.App.—El Paso 1942, writ ref'd). Thus, the final judgment of the trial court bars appellant from asserting its summary judgment claims on this appeal because the issues upon which such summary judgment

---

1. *Gulf Insurance Company v. Brad Cunningham, The Consortium Development Company, Inc. and Nancy James, Trustee,* No. A14–91–00799– CV 1993 WL 136039 (Tex.App.—Houston [14th Dist.], April 29, 1993, no writ) (not designated for publication).

relief depends were determined against appellant by the portion of the trial court's judgment from which it did not appeal. Any relief granted by this court on appellant's contentions regarding the summary judgments would be inconsistent with the trial court's final judgment granting the declaratory relief. Accordingly, appellant's first two points of error are overruled.

 In point of error three, appellant contends the trial court erred in awarding attorney's fees to Vantage in its final judgment in the declaratory judgment action. The final judgment states that "It would be just and equitable to award [Vantage] reasonable and necessary attorney's fees and costs of court under § 37.009" of the Texas Civil Practice and Remedies Code. Appellant argues that the trial court granted Vantage attorney's fees pursuant to the Uniform Declaratory Judgment Act and TEX.CIV.PRAC. & REM.CODE ANN. § 38.001. According to appellant, appellee is not entitled an award of attorney's fees under the Declaratory Judgment Act or section 37.-009 of the Civil Practice and Remedies Code, unless appellee asserts issues not already pending before the court. In addition, appellant contends that Vantage is not entitled to an award of attorney's fees under section 38.001, because in order to recover under this section, a party must have been successful on a claim for breach of contract.

Even were we to assume that the claim for declaratory judgment did not involve matters not already before the court, or that Vantage's claim was not a breach of contract claim, we still are not able to sustain appellant's point of error because appellant failed to properly except to the claim or otherwise raise the issue until after the judgment was signed. In fact, appellant's first objection to the award of attorney's fees as contained in the final judgment is by way of a point of error in this appeal.

Rule 90 of the Texas Rules of Civil Procedure specifies that "every defect, omission or fault in a pleading either in form or in substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court ..., in a non-jury case, before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account...." TEX. R.CIV.P. 90.

Nowhere in the record is this court able to find, nor does appellant assert that error was properly preserved as to this point. There is no evidence that appellant specially excepted to the pleading as contained in appellees' petition for declaratory relief. Nor is there evidence that appellant requested additions or amendments to the findings of fact and conclusions of law, or filed any post-trial motions objecting to the trial court's final judgment. Gulf has waived error by its failure to specially except or otherwise apprise the trial court of its complaint before judgment was signed. TEX.R.CIV.P. 90; *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex.1982); *Narisi v. Legend Diversified Investments*, 715 S.W.2d 49, 52 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.