**AETNA CASUALTY AND SURETY, Appellant,**

**v.**

**Vickie WILD, Appellee.**

**No. 07–96–0323–CV.**

Court of Appeals of Texas,
Amarillo.

April 2, 1997.

Opinion Overruling Rehearing
April 28, 1997.

Ben Taylor, Dallas, Stephen P. Pate, Houston, Fulbright & Jaworski LLP, for appellant.

Wilton F. Chalker, Robert R. Pruitt, Houston, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

REAVIS, Justice.

Contending the trial court erred in awarding Vickie Wild attorney's fees, appellant Aetna Casualty and Surety[1] presents this appeal seeking a reversal of the award, and a rendition that Wild recover nothing for her attorney's fees or, in the alternative, that we remand solely the issue of reasonable attorney's fees to the trial court for its determination. Based upon the record and the rationale expressed, we reverse and remand.

Wild owned real property on which she obtained a policy of insurance against fire from Maness Insurance Agency, who issued her policy through Aetna (the policy). On February 28, 1990, the real property was destroyed by fire, and on March 26, 1990, Wild submitted a sworn proof of loss statement to Aetna. On April 13, 1990, an employee of Aetna's Property Claims Division, Anthony Ziegler, III, requested that Wild sign a non-waiver agreement to assist in Aetna's investigation of the cause of the fire. Wild complied. Subsequently, she received notice from Ziegler that the claim had been referred to Aetna's attorney for investigation.

Although Aetna's investigation had not yet been completed, on June 1, 1990, Wild brought suit against Ziegler, Maness and Aetna for failure to pay the claim. By her live pleadings, she asserted her rights against each and all (1) at common law, (2) pursuant to the Texas Insurance Code (the Insurance Code), (3) pursuant to the Texas Deceptive Trade Practices Consumer Protection Act (the DTPA), (4) for breach of the duty of good faith and fair dealing, (5) for breach of the policy terms and conditions, and (6) for negligence and gross negligence in the handling of her claim.

Wild alleged her damages to be the policy limits, $40,000, and $10,500 in lost rentals. Additionally, she alleged entitlement to damages for mental anguish, and attorney's fees under chapter 38 of the Texas Civil Practice & Remedies Code,[2] article 21.21 of the Insur-

---

1. References herein to Aetna are to Aetna Casualty and Surety and Aetna Casualty & Surety Company, as it is variously referred to in the record.

2. References herein to the Code are to the Texas Civil Practice & Remedies Code Annotated (Vernon 1986), unless otherwise designated.

ance Code, section 17.50(d) of the DTPA, and common law. As attorney's fees, she sought the specified sums of $80,000 through trial, $25,000 for an appeal to this Court, and $15,000 for an appeal to the Texas Supreme Court, and by a trial amendment, she alleged the fees through trial to have increased to $105,000.

Aetna, Maness and Ziegler generally denied Wild's allegations. In addition, Aetna alleged that Wild conspired with Joe Peterson to cause the fire and commit arson. On June 20, 1994, Ziegler and Maness obtained non-suits, and the trial to the jury proceeded on Wild's claims against Aetna and its claim of arson against Wild. Ziegler and Maness were not parties to the judgment and, therefore, are not parties to this appeal.

The trial proceedings began on July 12, 1994. After the presentation of evidence, the jury refused to find that: Wild intentionally set the fire; Aetna failed to comply with its duty of good faith and fair dealing; and Aetna engaged in any unfair or deceptive act or practice. They did find however that Aetna failed to comply with the policy of insurance by failing to pay Wild's claim. Based upon their affirmative finding, the jury awarded Wild $40,000 in damages for the loss of the policy limits, and zero dollars for past and future mental anguish.

Based upon their finding of actual damages, the jury was required to answer Question 11, the heart of the present controversy, which inquired:

> What is a reasonable fee for the necessary services of Vickie Wild's attorney in this case stated in dollars and cents?

Upon submission of this charge, Aetna's counsel objected, among other things, that the question omitted an inquiry of whether attorney's fees for the various claims could be segregated or whether the claims were so inextricably intertwined as to be inseparable for purposes of computing attorney's fees. The objection was overruled and the question was submitted as proposed by Wild, and the jury responded as follows:

    a.   For preparation and trial. Answer: *$100,000.00*

    b.   For an appeal to the Court of Appeals. Answer: *$25,000.00*

    c.   For making or responding to an application for writ of error to the Supreme Court of Texas. Answer: *$15,000.00*

    d.   If an application for writ of error is granted by the Supreme Court of Texas. Answer: *ZERO DOLLARS*

The judgment awarded Wild recovery of attorney's fees in accordance with the jury's findings.

By this appeal, Aetna presents four points of error against the award of attorney's fees. Contending for a reversal and rendition that Wild receive no attorney's fees, Aetna presents that (1) Wild failed to meet her burden to prove that the attorney's fees awarded were for the segregated claim of contract upon which she was successful; (2) she made an excessive demand upon Aetna; and (3) as a matter of law, attorney's fees are not recoverable under chapter 38 of the Code on a common law claim for breach of an insurance contract. By its fourth point of error, Aetna also presents to us the alternative relief of reversing and remanding for a new trial on the issues pertaining to attorney's fees.

Addressing Aetna's contentions in logical consecution, we do not perceive Wild's demand letter to Aetna to have been excessive at the time it was written. This is so, because the letter was written prior to trial, at a time when Wild perceived all of her claims to be viable. A demand is not excessive merely because it is greater than what is later determined at trial to be due. *Pennington v. Gurkoff*, 899 S.W.2d 767, 772 (Tex. App.—Fort Worth 1995, writ denied). The second point of error is overruled.

By its third-point contention, Aetna contends that as a matter of law, under chapter 38 of the Code, Wild may not recover attorney's fees for her contract claim for failure to pay the insurance policy limits. Aetna bases its contention upon section 38.006 of the Code, which provides that recoverable attorney's fees provided for in section 38.001 are excluded from claims on contracts issued by an insurer subject to provisions of articles 3.62, 21.21 or chapter 9 of the Insurance Code. Tex. Civ. Prac. &

Rem.Code Ann. 38.006 (Vernon 1986); and *Travelers Indem. Co. v. Mayfield,* 923 S.W.2d 590 (Tex.1996). By her third amended original petition filed July 1, 1994, Wild, in addition to other statutory grounds, sought attorney's fees under chapter 38 of the Code. Aetna did not specially except to Wild's pleading. In addition, the parties signed a joint pre-trial order which was filed on July 1, 1994. Although the pre-trial order presented three contested issues of law, the applicability of chapter 38 of the Code to support an award of attorney's fees on the pleaded ground was not listed as a contested question of law. Rule 90, Tex. Rules of Civ. Proc. abolished the general demurrer and provides that defects in form or substance of a pleading are waived, in the absence of written exception, under the circumstances set out in the rule. In *Lawson v. Holloman,* 238 S.W.2d 987 (Tex.Civ. App.—San Antonio 1951, writ ref'd n.r.e.), the court held that the exception to a claim for attorney's fees was not sufficient. *See also, Gulf Insurance Company v. Vantage Properties, Inc.,* 858 S.W.2d 52 (Tex.App.— Houston [14th Dist.] 1993, writ denied). Accordingly, point of error three is overruled.[3]

■ By point of error one, Aetna initially contends the award was improper because Wild's attorney testified to and presented evidence of the fees incurred for presenting all of her claims, and since she was successful only on her contract claim, the fees should have been segregated. Moreover, she originally brought suit against three defendants, two of whom were non-suited, but proceeded to trial and recovered judgment only against Aetna, thus, the fees should have been segregated between Aetna and the former defendants. Aetna contends we should reverse the award and render that Wild not recover her attorney's fees since she failed to meet her burden of proof to establish that the fees were incapable of segregation. Wild responds that the claims were so interrelated that they are incapable of segregation, and that her attorney so testified at trial and Aetna failed to contest the interrelatedness

of the claims, thus, waiving its appellate complaint.

■ Wild also contends Aetna has waived its right to complain of the lack of segregation since Aetna failed to make a timely objection to the testimony of Wilton Chalker and Edward A. Mattingly concerning the reasonableness and necessity of the attorney's fees on that basis when it was offered and admitted. However, it is not necessary to object to the attorney's fees evidence at the time it is offered in order to preserve this type of error for appeal. *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex.1991). An objection to the failure of the trial court to allocate or segregate the fees in the jury charge is sufficient to preserve error. *Id.* And, in this instance, Aetna did object to Question 11 on the basis of a lack of segregation, therefore, the error was preserved for our review.

■ As a general rule, the party seeking to recover attorney's fees carries the burden of proof. *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex.1991). When a plaintiff seeks to recover attorney's fees in a case where there are multiple defendants, and one or more defendants settle, the plaintiff must segregate the fees owed by the remaining defendants from those owed by the settling defendants, so that the remaining defendant is not charged fees for which it is not responsible. *Id.* at 10–11.

The evidence presented at trial was of the totality of the fees for two attorneys from the inception of the litigation, reflected by the evidence as "05/01/90," through the date of trial. No modification of the fees or costs was made after the number of defendants dwindled from three to one prior to trial. The dismissal of Ziegler and Maness bears directly on the segregation of attorney's fees. *Id.* at 10–11. *Koch Oil Co. v. Wilber,* 895 S.W.2d 854, 867 (Tex.App.—Beaumont 1995, writ denied).

■ Likewise, when one or more causes of action for which attorney's fees are not permitted by statute or contract are alleged in a petition, and are investigated, and pur-

**3.** We note that this case was tried in 1994, some 20 months before the publication of the opinion in *Travelers Ind. Co. v. Mayfield,* 923 S.W.2d 590 (Tex.1996).

sued at trial, it is incumbent upon the party asserting those causes of action to segregate them from those for which attorney's fees can be recovered. *International Security Life Insurance Co. v. Finck,* 496 S.W.2d 544, 546–47 (Tex.1973). If the party asserting theses various causes of action does not prevail on one or more of the claims for which attorney's fees may be recovered, she is not entitled to any attorney's fees. *Kosberg v. Brown,* 601 S.W.2d 414, 418 (Tex.Civ.App.— Houston [14th Dist.] 1980, no writ). If, on the other hand, she prevails on one but not all of those causes for which attorney's fees may be recovered, only those causes for which no recovery for attorney's fees may be had must be segregated and excluded from consideration in determining reasonable attorney's fees.

However, segregation of attorney's fees is not required where the services rendered relate to (1) multiple claims arising out of the same facts or transaction and (2) the prosecution or defense entails proof or denial of essentially the same facts, so as to render the attorney's fees inseparable. *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d at 11. When this exception applies, the party seeking attorney's fees may recover the entire amount covering all claims. *Id.* The determination of whether attorney's fees can be segregated between various claims or defenses is a question for the court. *Swanson v. Schlumberger Technology Corp.,* 895 S.W.2d 719, 743 (Tex.App.—Texarkana 1994, writ granted). Even if the claims arise out of the same events or transaction, if the prosecution or defense does not entail essentially the same facts, the exception does not apply. This determination requires a consideration of the substantive law necessary to establish facts to support a recovery of the multiple claims. In *International Security Life Insurance Co. v. Finck,* 496 S.W.2d 544 (Tex.1973), evidence of attorney's fees pertaining to the claim of fraud and deceit and upon the claim under the policy, were deemed separate. In *Hruska v. First State Bank of Deanville,* 747 S.W.2d 783, 785 (Tex. 1988),[4] the court held that services provided to prosecute a suit on a note and services rendered in defense of a counterclaim attacking the validity of a lien should be segregated. Also, evidence establishing a mere breach of contract is not necessarily sufficient to constitute a violation of the DTPA. *La Sara Grain v. First Nat. Bank of Mercedes,* 673 S.W.2d 558, 565 (Tex.1984). Because Wild's multiple claims against Zeigler and Maness, (who were dismissed shortly before trial) and Aetna were diverse, and because the evidence or proof necessary to establish one or more of the claims at trial was not common, the attorney's fees were separable and the exception is not applicable.

When questioned concerning the obligation to segregate the contract and bad faith claims, Mattingly opined that he was not required to do so if the claims were not readily divisible. He further testified that the statement of fees and costs reflected "all that was done" on Wild's case, and no costs or fees had been segregated.

Chalker testified that the work reflected on the statements provided as exhibits "was done on the entire case and the elements of proof as we've heard for the last eight days, or the facts, rather, that support the elements of proof, are all the same virtually." When questioned whether any segregation had been done to "break them up between those that the Plaintiff would be entitled to recoop (sic) attorney's fees, and those that the Plaintiff would not be entitled to recoop (sic) attorney's fees," he replied in the negative.

If a party offers evidence of reasonable and necessary attorney's fees for the presentation of all plaintiff's claims, but refuses, as did Wild, to offer evidence segregating attorney's fees among various claims or parties, and we determine that segregation was required, the matter should be remanded. This is so, because evidence of unsegregated attorney's fees is more than a scintilla of evidence of segregated attorney's fees. *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d at 12. We sustain point of error one and, under *Stewart,* a remand is proper. Our sustention of point of error one pretermits a discussion of point of error four.

4. Error was waived.

Accordingly, we reverse the award of attorney's fees and remand that issue to the trial court for further determination.

### ON MOTION FOR REHEARING

Appellant, Aetna Casualty and Surety Company, has moved for a rehearing. Among other points, appellant contends that the portion of our opinion wherein we reversed the award of attorney's fees and remanded "that issue" to the trial court for determination conflicts with our judgment of April 2, 1997. Even though the issue of attorney's fees is the only issue remaining in the case and our opinion specifically limited the remand to the issue of an award of attorney's fees, in order to avoid any possible confusion, we will withdraw our judgment rendered April 2, 1997, and render a new judgment in lieu thereof.

Remaining convinced that our original disposition of the appeal was correct, we overrule appellant's motion for rehearing.