# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00163-COA

**ELIZABETH ANN BLUMER**                                                     **APPELLANT**

**v.**

**MAJESTIC HOMES, LLC AND MICHAEL**                         **APPELLEES**
**SHANNON ARMSTRONG**

DATE OF JUDGMENT:              02/01/2024
TRIAL JUDGE:                          HON. STEVE S. RATCLIFF III
COURT FROM WHICH APPEALED:    RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       GINNY Y. DELIMAN
ATTORNEYS FOR APPELLEES:      JASON EDWIN WEEKS
                                     FRANK RUSSELL BRABEC
NATURE OF THE CASE:           CIVIL - CONTRACT
DISPOSITION:                  AFFIRMED IN PART; REVERSED AND
                                     RENDERED IN PART - 03/25/2025
MOTION FOR REHEARING FILED:

   **BEFORE WILSON, P.J., McDONALD AND WEDDLE, JJ.**

   **McDONALD, J., FOR THE COURT:**

¶1.    Majestic Homes LLC (Majestic Homes) and Elizabeth Blumer executed a contract for the sale of a lot and the construction of a home. The contract included a provision for the recovery of attorney's fees if litigation became necessary. When Majestic Homes failed to complete the home as provided in the original contract, the parties executed "Addendum #2," which included, among other things, a new closing date and a clause for liquidated damages that accrued at $2,000 per month if Majestic Homes did not close by the new date.

¶2.    The closing did not occur on the date set forth in the addendum, and Blumer filed a complaint, and later an amended complaint, against Majestic Homes and Michael Shannon

Armstrong, Majestic Homes's sole member and manager, for breach of contract, tortious breach of contract, and breach of the covenant of good faith and fair dealing. Blumer filed a motion for summary judgment on the simple breach of contract claim, seeking $4,000 in liquidated damages and attorney's fees. The Circuit Court of Rankin County granted Blumer's motion for summary judgment and her subsequent motion for attorney's fees. The court initially awarded her attorney's fees in the amount of $21,450.00 and expenses in the amount of $1,810.93.

¶3. Majestic Homes and Armstrong filed a Rule 60(b) motion for relief from the orders granting summary judgment and attorney's fees. *See* M.R.C.P. 60(b). The trial court initially denied the Rule 60(b) motion. However, three months later, after Blumer abandoned her other causes of action and requested a final judgment, the trial court entered a "corrected" order granting Majestic Homes's post-trial motion, dismissing Armstrong, individually, from the matter, and reducing Blumer's award to $4,000 in contractual damages, $1,200 in attorney's fees, and $500 in expenses. The trial court entered a final judgment ordering Majestic Homes to pay $5,700 to Blumer.

¶4. Blumer appeals the final judgment and the corrected order. Blumer argues that the trial court erred because it had no authority to enter the corrected order, and that the court erred in reducing her attorney's fees. After reviewing the record, parties' arguments, and relevant precedent, we affirm in part and reverse and render in part.

**Facts and Procedural History**

¶5. On March 15, 2021, Blumer contracted with Majestic Homes to purchase Lot 69 of

the Northshore Subdivision in Rankin County on which Majestic Homes would build her a home for $354,000.00. The contract listed the seller as "Majestic Homes, LLC," but was electronically signed only by "Michael Armstrong." Majestic Homes was a limited liability company formed by Armstrong, who was its sole member. The contract specified a closing date of August 6, 2021, and included a provision for the recovery of attorney's fees if either party had to initiate litigation following a breach.

¶6.     When Majestic Homes failed to complete construction by August 6, 2021, Blumer and Majestic Homes executed Addendum #2 to the contract. This addendum extended the closing date and provided for liquidated damages in the event that the parties failed to close by that time. Specifically, Majestic Homes agreed to pay Blumer $2,000 if the parties did not close by October 31, 2021, and an additional $2,000 for every thirty days of continued nonperformance. The addendum also required that Majestic Homes provide Blumer with a list of all subcontractors and their contact information. The "Seller" portion of the addendum was signed by "Shannon Armstrong" on behalf of Majestic Homes.

¶7.     The parties did not close until December 10, 2021. By that time, Majestic Homes owed Blumer $4,000 in liquidated damages, which Majestic Homes failed to pay at the time of closing.

¶8.     On December 17, 2021, Blumer filed a complaint in the Rankin County Circuit Court for breach of contract against both Majestic Homes and Armstrong, individually. Blumer then amended the complaint to add causes of action for tortious breach of contract, and breach of the implied covenant of good faith and fair dealing. Blumer sought contractual and

consequential damages, along with attorney's fees and expenses allowed under the contract, and punitive damages. Majestic Homes admitted to entering into a contract and executing Addendum #2 but denied all other claims and averments in Blumer's amended complaint, including Blumer's entitlement to liquidated damages and attorney's fees.

¶9. Majestic Homes and Armstrong filed a combined motion to dismiss, answer, and defenses to the amended complaint. The motion to dismiss related to Armstrong's individual liability. Armstrong claimed that he was only an agent for Majestic Homes and should be individually dismissed from the litigation.

¶10. Blumer served Majestic Homes and Armstrong written discovery, including requests for admissions, interrogatories, and requests for production of documents.[1] Additionally, Blumer conducted third-party discovery through multiple subpoenas duces tecum served on Majestic Homes's vendors, suppliers, and subcontractors.

¶11. Blumer also noticed Majestic Homes and Armstrong, individually, for deposition pursuant to Mississippi Rule of Civil Procedure 30(b)(6). On November 22, 2022, Blumer questioned Armstrong both individually and as Majestic Homes's designee in a single deposition. In it, Armstrong admitted that the addendum provided for liquidated damages, but he disagreed that Blumer should have been paid $4,000 for liquidated damages at the time of closing "because I was doing everything I possibly and physically could do to get that house completed . . . [, but] I could not control . . . my subs. I could not control the supply chain. Used to build a house [in] four or five months. It can take a year now."

---

[1] Although Majestic Homes and Armstrong responded to Blumer's interrogatories, they did not propound any discovery of their own.

¶12. On January 6, 2023, Blumer filed a motion for summary judgment and memorandum of law in support of her breach of contract claims against both defendants, attaching, among other things, Armstrong's deposition. Blumer contended that Majestic and Armstrong breached the contract's addendum clause by failing to complete construction and close by a certain date, by failing to pay the "delay damages" that she incurred, (i.e., $1,974.72 she paid her lender to preserve her favorable interest rate), and by failing to provide her with a list of subcontractors who performed the work. Concerning attorney's fees and consequential damages, Blumer pointed to the initial contract's provision regarding a breach and attorney's fees, which stated that "[i]f it becomes necessary for any party to initiate litigation relating to this Contract, then the non-prevailing party agrees to pay reasonable attorney fees and court costs in connection therewith to the prevailing party." Blumer contended that Majestic Homes and Armstrong's failure to pay $4,000 in liquidated damages made it necessary to initiate litigation. Therefore, Blumer was entitled to attorney's fees because it was undisputed that Majestic Homes and Armstrong breached the contract by not paying the liquidated damages. Blumer also contended that there were no issues of material fact in dispute and that she was owed relief.

¶13. Majestic Homes and Armstrong filed a response in opposition to Blumer's motion on January 26, 2023. In it, Armstrong argued that he had no individual liability for the alleged breach of contract and that summary judgment as to him individually should be denied. Majestic Homes and Armstrong further argued that Blumer was not entitled to the $4,000 because supply chain issues occurred that were out of their control. Alternatively, Majestic

5

Homes and Armstrong argued that if the trial court found no issues of material fact in dispute, then damages should be limited to what was provided in the addendum.

¶14.    On February 1, 2023, the trial court held a hearing on Blumer's motion for summary judgment.  Majestic Homes argued that due to a lack of labor, it was impossible to complete the contract on time, so a jury should decide whether there was an actual breach of the contract.  The defense attorney also argued that Armstrong, individually, was not a party to either of the contracts, only Majestic Homes LLC.  Moreover, Blumer had presented no proof that would warrant piercing the corporate veil.  The trial court indicated its inclination to dismiss Armstrong individually from the action, stating:

> [The Court]:  I would agree with you that I don't think that Mr. Armstrong - -
> I haven't seen anything that would impose any liability on him
> personally.  It looks like the contracts and the addendums were
> all executed by him as a member of the LLC, and you said the
> LLC was in good standing. Is that correct?
>
> A.          Yes, sir, Your Honor.

The court asked the parties to look at the closing documents and stated: "I'll withhold any ruling today with the exception of dismissing Mr. Armstrong, individually.  I have not seen anything that would say that he has any personal liability."  When Blumer argued that Armstrong had not filed nor noticed a motion to be dismissed individually, Armstrong moved ore tenus for his dismissal as a defendant.  After hearing the parties, the trial court dismissed Armstrong, individually, stating:

> Once again, I don't see any reason to impose any liability on him personally.
> I haven't seen anything or heard anything that would make me change my
> mind on that.  So if the defense is moving ore tenus to dismiss Mr. Armstrong,
> that motion would be granted.  Like I said, it was brought up in the response,

6

so that's why I addressed it on that.

¶15.  On April 5, 2023, the trial court entered an order granting Blumer's motion for summary judgment, finding that no genuine issue of material fact existed and that Blumer was entitled to judgment as a matter of law.  Specifically, the trial court found that the Defendants' breach of the contract was "clear and undisputed" because they did not dispute the existence of the terms of the contract, and they admitted that construction was not complete by the agreed-upon date.  The trial court granted the motion for summary judgment and stated that Blumer was entitled to liquidated damages of $4,000 and reasonable attorney's fees.  However, the order did not reflect the court's ruling made during the hearing that Armstrong had no individual liability.

¶16.  On April 17, 2023, Blumer filed her motion for attorney's fees and litigation expenses. Blumer supported her motion with the affidavit of her attorney, Ginny Y. Deliman, who attached an itemization of her billable hours.  In the affidavit, Deliman stated that she charged $200 per hour for attorney time and $100 per hour for paralegal time.  Deliman asserted she spent 105.2 hours on the litigation.  Overall, the  attorney's fees amounted to $21,450.00, and adding expenses of  $1,810.93, Blumer sought a total of $23,258.43.

¶17.  Majestic Homes and Armstrong responded,[2] stating that Blumer's attorney's fees demand was five times greater than the liquidated damages awarded and not reasonable. They further argued that Blumer conducted "protracted" discovery, trying to establish a

---

[2]  In a footnote, Majestic Homes and Armstrong noted that the trial court already dismissed Armstrong, individually, but that both were responding out of "an abundance of caution."

7

tortious breach of contract and a claim of willful, wanton, and malicious conduct to support punitive damages. There had been no ruling on these claims for Blumer to be considered a "a prevailing party." They argued no attorney's fees should be awarded for time spent seeking relief on these claims. They proposed paying a fee of one-third the amount of the summary judgment award, namely $1,334.00.

¶18. In her rebuttal, Blumer pointed out that no order had been presented or entered dismissing Armstrong, individually. Blumer also stated that she had not sought summary judgment on her tortious breach of contract or punitive damages claim and that those claims were still pending. However, Blumer asserted that she was clearly the prevailing party on her simple breach of contract claim and entitled to reasonable attorney's fees.

¶19. On July 3, 2023, the trial court granted Blumer's motion and awarded attorney's fees in the amount of $21,450 and expenses in the amount of $1,810.93. The trial court noted in its order that it considered the award to be reasonable after consideration of the factors set out in Rule 1.5 of the Mississippi Rules of Professional Conduct.

¶20. On July 6, 2023, Majestic Homes and Armstrong filed a Rule 60(b) motion for relief from the trial court's order granting summary judgment arguing that it failed to include the court's finding that Armstrong had no individual liability and should be dismissed. *See* M.R.C.P. 60(b). Armstrong asked that the court enter an order providing for his dismissal. Further, Armstrong asked the court to clarify that he had no individual responsibility for any attorney's fees awarded in the case.

¶21. On July 17, 2023, Blumer responded that the court had not dismissed Armstrong,

individually, and that the defendants had "failed to advance any motion to dismiss Mr. Armstrong prior to the expiration of the dispositive motions deadline or prior to the entry of summary judgment." Blumer claimed that the court did not grant Armstrong's ore tenus motion to dismiss but, instead, took the matter under advisement. Blumer sought an additional $600 in fees for having to respond to the Rule 60(b) motion.

¶22. The Rule 60(b) motion was set for a hearing on October 5, 2023.[3] On October 16, 2023, the court entered an order finding that Majestic Homes and Armstrong's motion was "not well taken" and denied the Rule 60(b) motion.

¶23. On October 17, 2023, Blumer set a hearing to request the entry of a final judgment, in effect abandoning her claims of tortious breach of contract and breach of the covenant of good faith and fair dealing.

¶24. On January 10, 2024, the parties appeared before the trial court at Blumer's request, and the trial court asked if the parties had submitted everything they wanted on the issue of attorney's fees. Both parties indicated that they had, and the court stated it would check and get back with the parties.

¶25. On February 1, 2024, the trial court entered a "corrected order" granting Majestic Homes and Armstrong's Rule 60(b) motion. The corrected order provided that after the trial court "considered the reasonableness factors set forth in Rule 1.5 of the Mississippi Rules of Professional Conduct," an award of attorney's fees in the amount of $1,200 and expenses in the amount of $500 was reasonable. The trial court also dismissed Armstrong from the

---

[3] The record does not include the transcript of this hearing, if one was in fact held.

9

case. In its final judgment entered on the same day, the trial court ordered Majestic Homes to pay Blumer a total of $5,700 (the $4,000 in liquidated damages plus the $1,700 in attorney's fees and expenses).

¶26. On February 2, 2024, Blumer appealed both the trial court's corrected order and final judgment. On appeal, Blumer contends that the trial court erred in "*sua sponte* reversing its prior rulings granting summary judgment against both Majestic Homes and Armstrong" because the first award of attorney's fees and expenses was supported by the record and Mississippi law. Blumer also argues that Armstrong's dismissal deprived her of the "procedural protections and safeguards afforded to litigants by the constitution and the Mississippi Rules of Civil Procedure." Lastly, Blumer contends that the trial court used an inapplicable standard in reducing attorney's fees and expenses. Accordingly, Blumer contends that the corrected order and final judgment should be void and vacated and asks that a final judgment be entered that reflects the trial court's initial award of attorney's fees and expenses, in addition to any fees and expenses incurred as a result of appeal.

¶27. Majestic Homes argues that the trial court did not err in reducing attorney's fees because the court entered an award that was consistent with Mississippi Rule of Professional Conduct Rule 1.5. Majestic Homes also argues that the trial court did not err in dismissing Armstrong because he was not a party to the contracts between Blumer and Majestic Homes and because Blumer did not provide any evidence that support her claims against Armstrong, individually.

**Standard of Review**

10

¶28.   "[W]hen this Court reviews motions for relief pursuant to Rule 60(b), reversal is warranted only when an abuse of discretion is found, because these motions are to be addressed at the sound discretion of the trial court." *Riverboat Corp. of Miss. v. Davis*, 341 So. 3d 77, 81 (¶10) (Miss. 2022) (quoting *Finch v. Finch*, 137 So. 3d 227, 232 (¶11) (Miss. 2014)).   "A party is not entitled to relief merely because he is unhappy with the judgment, but he must make some showing that he was justified in failing to avoid mistake or inadvertence; gross negligence, ignorance of the rules, or ignorance of the law is not enough." *Id*. (quoting *Perkins v. Perkins*, 787 So. 2d 1256, 1261 (¶9) (Miss. 2001)).

¶29.   The trial court's decision on whether to award attorney's fees, the reasonableness of the attorneys' fees, and the amount awarded is subject to an abuse-of-discretion standard of review. *Miss. Power & Light Co. v. Cook*, 832 So. 2d 474, 478 (¶7) (Miss. 2002); *Gilchrist Tractor Co. v. Stribling*, 192 So. 2d 409, 418 (Miss. 1966) ("The fixing of reasonable attorneys' fees is a matter ordinarily within the sound discretion of the trial court.").   "[A] trial court's decision regarding attorney's fees will not be disturbed by an appellate court unless it is manifestly wrong." *Tupelo Redev. Agency v. Gray Corp.*, 972 So. 2d 495, 521 (¶81) (Miss. 2007) (citing *Mabus v. Mabus*, 910 So. 2d 486, 488 (¶7) (Miss. 2005)). "'Manifest' means 'unmistakable, clear, plain, or indisputable.'" *Bay Point Props. Inc. v. Miss. Transp. Comm'n*, 304 So. 3d 606, 608 (¶7) (Miss. 2020) (quoting *Tupelo Redev. Agency*, 972 So. 2d at 521 (¶81)).   Further, "the Legislature gives additional guidance to courts in determining the reasonableness of attorney's fees by instructing the court to 'make the award based on the information already before it and the court's own opinion based on

experience and observation.'" *City of Gulfport v. Cowan Road and HWY 90 LLC*, 352 So. 3d 592, 598 (¶18) (Miss. 2022) (quoting *Mauck v. Columbus Hotel Co.*, 741 So. 2d 259, 270 (¶32) (Miss. 1999)).

## Discussion

### I. Whether the trial court erred by entering a corrected order granting relief to Majestic Homes and Armstrong.

¶30. Blumer argues that no authority exists that would support the trial court's entry of its corrected order and that the trial court's actions did not comply with Rules 59(d), 60(a), and 52(b) of the Mississippi Rules of Civil Procedure. Specifically, Blumer contends that the trial court ignored multiple factors such as notice, timeliness, and other factors that are particularly required by these specific rules of civil procedure. However, Rule 54 of our Rules of Civil Procedure provides guidance on when judgments and orders, either interlocutory or final in nature, may be revised.

¶31. Rule 54(b) states that the orders that do not expressly adjudicate all claims of relief, "whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved" are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

¶32. Our Supreme Court has held that trial courts have the authority to revise interlocutory orders before entry of a judgment adjudicating all claims and rights and liabilities of all parties. *Collins v. City of Newton*, 240 So. 3d 1211, 1216 (¶13) (Miss. 2018). In *Collins*, multiple family members sued the City and several of its officials as a result of their termination from the City of Newton Fire Department. *Id*. at 1214 (¶¶1-2). The City moved

12

for summary judgment, which the trial court denied. *Id.* at 1215 (¶6). The City moved to alter or amend the trial court's judgment pursuant to Rule 59. *Id.* The trial court denied the City's motion, and the City petitioned the appellate court for an interlocutory appeal, which was denied, and the case was remanded. *Id.* On remand, the case was reassigned to another judge. *Id.* The City moved for relief pursuant to Rule 60, which the new judge granted, and the case was dismissed. *Id.* The Collinses appealed, arguing, in part, that Rule 60 only applied to final judgments and that the summary judgment orders were interlocutory in nature. *Id.* at 1216 (¶13). Our Supreme Court agreed that the trial court's reliance on Rule 60 was misplaced but stated that under Rule 54, certain interlocutory orders may be revised. *Id.* Thus, the Supreme Court affirmed the trial court's grant of summary judgment, stating:

> [T]he Court has made clear that a trial judge does have authority to revise an order denying summary judgment under Rule 54. Rule 54 provides that certain interlocutory orders are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Accordingly, the trial court had authority to revise the order denying the defendants' motion for summary judgment.

*Id.* (citations omitted). Accordingly, revising the trial court's prior interlocutory order denying summary judgment was within the authority of the reassigned judge. *Id.*

¶33. Here, Blumer's amended complaint pleaded three causes of action: breach of contract, tortious breach of contract, and breach of the implied covenant of good faith and fair dealing. In its order granting summary judgment, the trial court found that no genuine issue of material fact existed regarding Majestic Homes's and Armstrong's alleged breach of contract for failing to close by the closing date, stating, "Specifically, Defendants have admitted that construction was not complete by the agreed-upon date. Therefore, Defendants' breach of

13

the Contract is clear and undisputed." Moreover, Blumer had to initiate litigation to collect the liquidated damages specified in the contract and, thus, was entitled to reasonable attorney's fees as also provided in the contract. Because Blumer had other causes of action pending, the trial court's order granting summary judgment on the simple breach of contract claim, its order granting attorney's fees, and its order on the Rule 60 motion related to Armstrong's personal liability were, in essence, interlocutory and subject to revision. None of these orders had been certified as a final judgment under Rule 54(b).

¶34. Pursuant to *Collins*, the trial court in this case had the authority to revise the order denying Majestic Homes and Armstrong's Rule 60 motion because all rights and claims were not yet adjudicated. Blumer's request that the court enter a final judgment was, in effect, an acknowledgment that she had outstanding claims that she was then abandoning and that a final judgment could be entered. When the trial court entered the corrected order, there was no judgment that expressly adjudicated the remaining claims. The trial court's final judgment that was entered after the corrected order is the only judgment from the trial court that expressly adjudicated all claims, rights, and liabilities of the parties. Therefore, the trial court did not err by entering a corrected order granting Majestic Homes and Blumer's motion for relief because the prior orders were still subject to revision.

## II. Whether the trial court erred in dismissing Armstrong, individually.

¶35. Next, Blumer argues that the trial court erred by dismissing Armstrong, individually, from the action. Blumer contends that she was deprived of due process because the trial court dismissed Armstrong without notice or an opportunity to be heard.

14

¶36. Blumer first contends that Armstrong did not file a motion to dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(6). However, our review of the record shows that Majestic Homes and Armstrong filed a combined *motion to dismiss*, answer, and defenses to Blumer's amended complaint. In it, Armstrong specifically moved that he be personally dismissed, arguing that he was not individually liable and that he had signed documents only as the agent of Majestic Homes. Therefore, Armstrong had filed a motion to dismiss on the issue, and Blumer had notice of his argument soon after the amended complaint was filed.[4] Moreover, Armstrong had raised the issue of his liability in the response to Blumer's motion for summary judgment. Therefore, Blumer should not have been surprised when this was argued at the hearing.

¶37. Blumer further argues that Armstrong's dismissal was not supported by Mississippi law and that she was not required to pierce the corporate veil to hold him personally liable. In support of her position, Blumer cites *Lancaster v. Miller*, 319 So. 3d 1174, 1183 (¶37) (Miss. Ct. App. 2021), where this Court held that the two members of a limited liability company could be held personally liable in a fraud or misrepresentation case without the need of presenting proof to pierce the corporate veil. In that case, the plaintiffs purchased a home from the defendant's limited liability company only to discover problems with the plumbing, electrical, and roofing conditions. *Id*. at 1175 (¶1). The plaintiffs contended that the individual defendants, Macko and Miller, had represented that the entire house had been renovated, including new plumbing, a new electrical system, and a new roof. *Id.* at 1176

---

[4] We also note that Blumer filed no response to the motion to dismiss.

(¶6).  When sued, Macko and Miller moved for a dismissal of any claims against them individually under Mississippi law that provides protection for LLC members.[5]  However, this Court held that Miller and Macko could be liable for their own individual *tortious* actions, including fraud.  *Id*. at 1180 (¶22).  We stated:

> Therefore, if an individual member of an LLC participates in a *tort*, then the individual can be sued in spite of not piercing the corporate veil. As a two-member LLC, there is clearly no one else other than Miller and Macko who could have made the fraudulent misrepresentations to Lancaster and Bickham.

*Id*. at 1183 (¶37) (emphasis added).  *Lancaster*, however, is not applicable to this case. Although Blumer argues that since Armstrong was the sole member of Majestic Homes and he was responsible for the failure to pay $4,000 in liquidated damages, the trial court made no finding that Armstrong's actions constituted a *tortious* breach of contract.  Blumer actually later abandoned that claim altogether.  In this case, Blumer did not prove that Armstrong committed any fraud, misrepresentation, or other tortious wrongdoing. "In order to constitute tortious breach of contract alleged by a plaintiff, 'some intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort must exist.'" *Springer v. Ausbern Constr. Co.*, 231 So. 3d 980, 988 (¶30) (Miss. 2017) (quoting *Wilson v. Gen. Motors*

---

[5]  Mississippi Code Annotated section 79-29-311(1) (Rev. 2024) states:

(1) Except as otherwise provided by this chapter, the debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company, and no member, manager or officer of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member, acting as a manager or acting as an officer of the limited liability company.

*Acceptance Corp.*, 883 So. 2d 56, 66 (¶39) (Miss. 2004)). Here, Blumer secured a judgment on her simple breach of contract claim for Majestic Homes's failing to close by the closing date, and then Blumer abandoned her claim of any tortious breach of contract. She proved no tortious conduct by Armstrong that would make him individually liable, and the trial court did not err in dismissing Armstrong from this matter.[6]

### III. Whether the trial court's prior award of attorney's fees was reasonable.

¶38. Blumer argues that the trial court's reduction of the attorney's fees award to $1,200 was unreasonable. She asserts that the prior award, which was based on itemized and detailed billing records, as well as the affidavit of Blumer's counsel, was reasonable. Majestic Homes argues that the trial court's initial award of attorney's fees was not reasonable and that Blumer performed "protracted" discovery but had not prevailed on all of her claims to warrant reimbursement of all her attorney's fees.

¶39. "Attorney's fees are a special remedy available only when expressly provided for in either a statute or contract, or when there is sufficient proof to award punitive damages." *Wellsgate Homeowners Assoc. v. Hilton*, 296 So. 3d 744, 749 (¶21) (Miss. Ct. App. 2020) (quoting *M&R Builders LLC v. Williams Equip. & Supply Co.*, 281 So. 3d 320, 342 (¶82)

---

[6] In addition, even if Armstrong had not filed a motion to dismiss, Blumer had to establish Armstrong's individual liability at the hearing on her motion for summary judgment, as she filed suit against Majestic Homes and Armstrong, individually. "On a summary-judgment motion, '[t]he moving party bears the burden of persuasion to establish that there is no genuine issue of material fact.'" *Mixon v. Berry*, 351 So. 3d 983, 987 (¶8) (Miss. Ct. App. 2022) (quoting *Rainer v. River Oaks Hosp. LLC*, 282 So. 3d 751, 754 (¶12) (Miss. Ct. App. 2019)). Therefore, Armstrong's liability was clearly an issue to be resolved at the summary judgment hearing.

(Miss. Ct. App. 2018)).  "[A] trial court's decision regarding attorneys' fees will not be disturbed by an appellate court unless it is manifestly wrong." *Tupelo Redev. Agency*, 972 So. 2d at 521 (¶81).  As previously noted, "this Court will not disturb the finding of the trial court on such an issue unless it is manifestly wrong or exhibits a manifest abuse of discretion." *Berlin v. Livingston Prop. Owners Ass'n Inc.*, 232 So. 3d 148, 159 (¶33) (Miss. Ct. App. 2017).

¶40.    Rule 1.5(a) of the Mississippi Rules of Professional Conduct requires that an award for attorney's fees must be reasonable.  In determining what constitutes a reasonable fee, this court should consider:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform legal service properly; (2) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by client or by circumstances; (6) the nature and length of professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the  fee is fixed or contingent.

*Obert Law Group P.A. v. Holt*, 328 So. 3d 622, 626-27 (¶12) (Miss. 2021).  When awarding attorney's fees, courts must base their awards "on the information already before it and the court's own opinion based on experience and observation[.]"  Miss. Code Ann. §  9-1-41 (Rev. 2019).  However, "a party may, in its discretion, place before the court other evidence as to the reasonableness of the amount of the award, and the court may consider such evidence in making the award."  *Id*.

¶41.    From our review of the record, there was substantial evidence to award attorney's fees

in favor of Blumer, but there was little to no evidence warranting the trial court's dramatic reduction of attorney's fees.

¶42.    The original contract provided the following regarding attorney's fees: "If it becomes necessary for any party to initiate litigation relating to this Contract, then the non-prevailing party agrees to pay reasonable attorney fees and court costs in connection therewith to the prevailing party."  Blumer filed a complaint against Majestic Homes once she realized that Majestic Homes was unwilling to pay the $4,000 in liquidated damages.  In his response, Armstrong and Majestic denied all of Blumer's causes of action, despite the obvious breach, and Armstrong moved to be dismissed individually.  For example, Blumer contended in paragraph eight of the amended complaint that the parties entered into a contract and Addendum #2.  In its response, Majestic Homes admitted entering into Addendum #2 but denied any other claims that would specifically prove that Majestic Homes owed Blumer any money:

> Defendants admit Majestic Homes, LLC and Plaintiff entered into Exhibit B [Addendum #2] which is the best evidence of what is required of the parties thereto. The remaining averments of Paragraph 8 of the Amended Complaint are denied.

In paragraph fourteen of the amended complaint, Blumer asserted that Addendum #2 provides for $2,000 in the event of non-performance at the closing date and an additional $2,000 for every thirty-one days after continued non-performance.  Majestic Homes responded to paragraph fourteen and multiple other paragraphs that mentioned the formation of the contract in a similar fashion:

> Defendants admit Majestic Homes, LLC and Plaintiff entered into Exhibit B

19

[Addendum #2] which is the best evidence of what is required of the parties thereto. The remaining averments of Paragraph 14 of the Amended Complaint are denied.

In addition to denying key elements in the contract and Addendum #2, Majestic Homes fully denied paragraphs fifteen and sixteen of the amended complaint, which stated that Majestic owed $4,000 in liquidated damages and expenses. Further, Majestic Homes denied paragraph seventeen, under which Blumer contended that she is entitled to attorney's fees. Majestic Homes also denied Blumer's remaining claims and arguments entirely.

¶43. Thereafter, discovery ensued and Blumer was forced to propound interrogatories and requests for documents and admissions to the defendants. Blumer waited five months for Majestic Homes's responses to discovery before filing a motion to compel. Blumer deposed Armstrong both individually and as Majestic Homes's agent, and he ultimately admitted that Majestic had failed to close on the agreed-upon date, which activated the liquidated damages provision. It is clear that Blumer had to undertake litigation to establish the proof needed to support her claims.

¶44. Upon the completion of discovery, Blumer filed a motion for summary judgment and argued her motion at the hearing. The trial court later granted Blumer's motion for summary judgment and found that Blumer was entitled to reasonable attorney's fees but did not specify an amount. It was necessary that Blumer file a motion for attorney's fees with the required documents so that the court could determine the proper amount of fees owed. The itemized bills detailed 105.2 hours, beginning with drafting the complaint for breach of contract and ending with the hearing on her motion for summary judgment. At a rate of $200 per hour for

20

her services, Blumer submitted a request for $21,450 and $1,810.93 in expenses. However, the trial court ultimately approved only a $1,200 fee in its corrected order.

¶45. From our review of the record, we find nothing to support the trial court's reduction of Blumer's attorney's fees and expenses. Blumer was the prevailing party on the claim for breach of contract for Majestic Homes's failure to timely close, and under the contract provisions, she was entitled to a reasonable attorney's fee. Blumer presented documentation, including the details of the time spent and the amount of the attorney's fee she was charged. Majestic Homes did not challenge the authenticity or accuracy of those amounts.

¶46. Majestic Homes merely claims that Blumer was not a prevailing party on *all* of her claims and, thus, should not be allowed to collect for *all* the attorney's work hours. Majestic Homes cites no authority to support its position. However, our Supreme Court has held that such a restriction is not necessary for a plain-language reading of an attorney's fees provision. *Hatfield v. Deer Haven Homeowner's Assoc. Inc*, 234 So. 3d 1269, 1276 (¶25) (Miss. 2017). In *Hatfield*, Deer Haven filed a complaint for mandatory injunction and other relief against Hatfield for violating his restrictive covenants by "erecting pens for various fowl." *Id*. at 1271 (¶2). Hatfield answered and sought a declaratory judgment, asking the Madison County Chancery Court to declare that his birds were domestic animals and that the pens were not improvements within the meaning of the restricted covenants. *Id*. at (¶3). Granting a motion for summary judgment on one of the claims, the chancellor found that Hatfield violated a Madison County zoning ordinance and concluded that Deer Haven was

21

entitled to an injunction to remove the pens. *Id*. at 1272 (¶5).[7] The chancellor also concluded that Deer Haven was entitled to attorney's fees and found that triable issues of fact remained. *Id*. Although the chancellor initially denied attorney's fees, on reconsideration, the trial court awarded Deer Haven $50,250 in attorney's fees. Hatfield appealed, arguing that the chancellor erred in awarding attorney's fees. *Id*. at (¶7).

¶47. On appeal, Hatfield argued, among other things, that the court erred because Deer Haven prevailed on only one out of several claims and Deer Haven should only recover fees that it expended in advancing its argument. *Id.* at 1276 (¶24). The Supreme Court affirmed Deer Haven's award of attorney's fees, finding that, among other things, the chancellor correctly applied the attorney's fees provision to the prevailing party:

> The covenant in question provides for the "prevailing party" to recover attorney fees "[i]n any legal or equitable proceeding for the enforcement or to restrain the violation of this Declaration or any provisions hereof by reference or otherwise." As the chancellor reasoned, the Association filed an equitable action for injunctive relief to enforce the covenants by having Hatfield's birds and pens removed from the property. The Association prevailed because it had obtained that relief. So we find that the chancellor correctly applied the plain language of the attorney-fees provision.

*Id*. at 1276 (¶25).

¶48. Similarly, in the case at hand, the parties' contract provided for attorney's fees "[i]f it becomes necessary for any party to initiate litigation relating to this Contract, then the non-prevailing party agrees to pay reasonable attorney fees and court costs in connection therewith to the prevailing party." Blumer needed to file suit when Majestic Homes failed

---

[7] Although issues of fact remained, "the parties later filed an agreed judgment stating any issues regarding the pens were moot because Hatfield had removed them from the property." *Id*.

to pay the liquidated damages and breached the contract. Blumer needed to further litigate for over three years because Majestic Homes denied in its answer that Blumer owed liquidated damages and attorney's fees, which ultimately resulted in a judgment in favor of Blumer. Similar to *Hatfield*, Blumer obtained the relief sought and was therefore a prevailing party. Further, Blumer's claim arose from the same set of facts, making discovery and litigation necessary for any of the three claims.[8] Majestic Homes offered no proof as to what fees should be separated from Blumer's initial award. Accordingly, the chancellor's initial award of attorney's fees was reasonable and, similar to the one in *Hatfield*, correctly applied the language of the attorney's fees provision.

¶49. We find that Majestic Homes has failed to provide sufficient proof that the drastically reduced amount of fees was reasonable. In light of the documented evidence provided by Blumer, we are convinced that the reduced amount was unreasonable. Therefore, we hold that the trial court was manifestly wrong in reducing Blumer's attorney's fees award, and we reverse the corrected order and reinstate the trial court's initial order granting $21,450 in attorney's fees and $1,810.93 in expenses.

**Conclusion**

¶50. Because all of Blumer's claims had not been adjudicated, the trial court did not err by entering a corrected order before entering a final judgment. Further, because Armstrong did

---

[8] The Fifth Circuit has held, applying Texas cases, that attorney's fees need not be segregated when "the services rendered relate to (1) multiple claims arising out of the same facts or transaction and (2) the prosecution or defense entails proof or denial of the same facts, so as to render attorney's fees inseparable." *DP Sols. Inc. v. Rollins Inc.*, 353 F. 3d 421, 434 (5th Cir. 2003) (quoting *Aetna Cas. & Sur. v. Wild*, 944 S.W.2d 37, 41 (Tex. App.–Amarillo 1997)).

23

not commit any tortious act, the trial court did not err in dismissing Armstrong, individually. However, the trial court's reduction in Blumer's attorney's fees and expenses was manifestly wrong. Therefore, we reverse on this issue and render judgment reinstating the court's prior award of $21,450 in attorney's fees and $1,810.93 in expenses.

¶51. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, LAWRENCE, McCARTY, WEDDLE AND ST. PÉ, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**